IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ELENA DVOINIK,**

    **Plaintiff,**

v.                                           Case No. 4:24-cv-266-AW-MJF

**JESSICA RICHMAN DWORKIN,**
**et al.,**

    **Defendants.**

_____/

# FINAL ORDER

Pro se Plaintiff Elena Dvoinik sued several Florida State University College of Law officials. She claims the Defendants (a) violated the Equal Protection Clause by discriminating against her based on her national origin and (b) violated her Due Process rights by rejecting her J.D. application and deactivating her FSU student card without notice and cause.[1] Her operative complaint is her second amended. ECF No. 33.

All Defendants moved to dismiss. ECF Nos. 38, 40. In a comprehensive report and recommendation, the magistrate judge concluded dismissal was appropriate.[2] ECF No. 65. Dvoinik has submitted objections. ECF Nos. 66, 67.

---

[1] Dvoinik complains that the magistrate judge ignored her First Amendment claim. However, that claim was in her proposed third amended complaint, which never became operative. *See* ECF No. 64 at 12.

[2] Because Dvoinik is pro se, the matter was referred to the magistrate judge for preliminary proceedings. *See* N.D. Fla. Loc. R. 72.2(E).

1

Dvoinik also submitted objections to the magistrate judge's omnibus order (ECF No. 64) that, among other things, denied her motion for sanctions (ECF No. 49), motion for leave to file a third amended complaint (ECF No. 55), and motion to lift the discovery stay (ECF No. 61). *See* ECF Nos. 66, 67.

## I.

I will first address Dvoinik's objections to the nondispositive orders. When a party objects to a magistrate judge's order on a nondispositive matter, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Here, I overrule all the objections because Dvoinik has not shown that any part of the magistrate judge's orders was clearly erroneous or contrary to law.

First, Dvoinik complains that the magistrate judge denied discovery and "refused preservation," leaving her "in a Catch-22" because she could not plead adequate facts "while being denied access to those facts through discovery or preservation orders." ECF No. 67 at 1-2; *see also* ECF No. 66 at 3-4 (objecting to the magistrate judge's "forc[ing] plaintiff to litigate blind"). But Dvoinik misunderstands her burden at this stage. To survive the motions to dismiss, Dvoinik's complaint had to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (cleaned up). Because it did not, Dvoinik had no right to discovery. *See id.* at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (noting that discovery can be expensive and that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court" (cleaned up)). Dvoinik has not shown any error in this regard.

Along the same lines, Dvoinik has not shown that the magistrate judge erred in denying her motion to preserve evidence. The magistrate judge noted the motion would become moot if I adopted the report and recommendation and dismissed the claims. Regardless, Dvoinik did not make an adequate showing that the motion was necessary. *See Keating v. Collier Cnty.*, 2025 WL 2581785, at *1 (M.D. Fla. Aug. 14, 2025) (finding party did not make an adequate showing where he did "not demonstrate a risk that existing and relevant evidence is in danger of being destroyed, or was in danger of being destroyed at the time he filed the motion"); *see also Robinson v. Gielow*, 2015 WL 4459880, at *4 (N.D. Fla. July 21, 2015) (concluding that a preservation order was not required unless necessary to clarify the parties' particular obligation).

Second, Dvoinik complains that the magistrate judge denied leave to file a third amended complaint. She says the decision was based on local rules and not on her proposed third amended complaint's substance. But there is no clear error in enforcing local rules. *See Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (stating that local rules have the "force of law"); *see also Reese v. Herbert*, 527 F.3d 1253, 1267-68 (11th Cir. 2008) (noting that local rules generally reflect the court's traditional case management authority). Dvoinik says she will, if required, file a complaint within the court's 25-page limit. ECF No. 67 at 15. But the rules required her to do so with her motion, and Dvoinik did not comply.

Third, Dvoinik attacks the magistrate judge's decision denying her sanctions motion. The motion was based on the Defendants' asserting Dvoinik "was never granted admission to the LL.M. program" and stating her complaint does not plausibly allege discrimination. As the magistrate judge concluded, the sanctions motion did not show that the Defendant's assertions were "objectively frivolous, in view of the law or facts." *See In re Mroz*, 65 F.3d 1567, 1573 (11th Cir. 1995). Thus, the magistrate judge did not clearly err in denying the sanctions motion.[3]

---

[3] Dvoinik has filed a supplemental Rule 11 motion. ECF No. 68. For the same reasons set forth in the report and recommendation and in this Order, that motion is without merit.

4

Dvoinik also complains about the magistrate judge's purported bias and appearance of partiality. But no "reasonable person, fully informed of the relevant facts, would question the [magistrate] judge's impartiality." *Smartt v. United States*, 267 F. Supp. 2d 1173, 1177 (M.D. Fla. 2003) (citing *Parrish v. Bd. of Comm'rs*, 524 F.2d 98, 103 (5th Cir. 1975)); *see also id.* at 1177 (M.D. Fla. 2003) ("Although [a party] may dislike a judge's prior rulings and prefer a different judge, the law does not permit [that party] to force recusal by making baseless ethical attacks on the assigned judge . . . .").

## II.

I turn now to the report and recommendation. As noted above, it concludes dismissal is appropriate. I have considered the matter de novo, and I agree.

Although it includes nine separate counts, the operative complaint basically presents two claims. First, it claims Defendants discriminated against Dvoinik based on national origin. Second, it claims Defendants denied her due process by rejecting her application for J.D. admission and deactivating her FSU card without notice.

As to the discrimination claims, the magistrate judge correctly explains that (among other things), Dvoinik had to allege facts plausibly showing intentional discrimination.[4] *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S.

---

[4] The magistrate judge sets out the pleading standard under *Iqbal* and *Twombly*, and I incorporate that into this order, along with the rest of the report and recommendation.

5

252, 265 (1977) (noting need for "discriminatory intent or purpose" to succeed on Equal Protection discrimination claim). As the magistrate judge notes, Dvoinik has not shown that similarly situated persons outside her protected class were treated better. Dvoinik responds that she need not plead a comparator. ECF No. 67 at 12 (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246-47 (11th Cir. 2015)). But the problem for Dvoinik is that whether we consider comparators or not, she has not pleaded sufficient facts to support a claim. She has not plausibly alleged intentional discrimination. Although her complaint includes conclusory allegations that intentional discrimination caused all perceived adverse events, *see, e.g.*, ECF No. 33 ¶ 82 ("[D]efendants violated the 14th Amendment by treating similarly situated persons, including the plaintiff, differently."), it does not contain well-pleaded, factual allegations that would plausibly support that conclusion.

    The due process claims also fail as a matter of law. Dvoinik alleges two procedural due process violations: (1) that she received no notice before Defendants deactivated her FSU student card, which restricted access to campus and campus facilities, and (2) Defendants denied her application for J.D. admission outside of the normal procedures. To succeed, Dvoinik had to identify a protected property or liberty interest. *See Woodruff v. U.S. Dep't of Lab.*, 954 F.2d 634, 641 (11th Cir. 1992). She has not. *See, e.g.*, *Clemons v. Trs. of Indiana Univ.*, 2021 WL 1178539, at *3 (S.D. Ind. Mar. 29, 2021) (finding no property interest in access to a law school

library); *Schwake v. Ariz. Bd. of Regents*, 821 F. App'x 768, 770 (9th Cir. 2020) (finding no property interest in student's access to a college laboratory); *Ramos v. Texas Tech Univ.*, 441 F. Supp. 1050, 1055 (N.D. Tex. 1977) (finding no property interest in access to degree), *aff'd* 566 F.2d 573 (5th Cir. 1978).

Dvoinik's only attempt to assert a protectable property interest came in her objections. She argues that her interests are like the continued enrollment interest found protected in *Barnes v. Zaccari*, 669 F.3d 1295, 1305 (11th Cir. 2012). But *Barnes* was based on "a legitimate claim of entitlement to continued enrollment" under state law. *Id.* Dvoinik has shown no such entitlement here.

The magistrate judge also concluded that the individual Defendants are entitled to qualified immunity. Qualified immunity protects individual defendants who were exercising discretionary authority and whose conduct was not clearly established to be unconstitutional. *Sebastian v. Ortiz*, 918 F.3d 1301, 1307 (11th Cir. 2019); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As the magistrate judge correctly concluded, the individual Defendants were exercising discretionary authority, and the alleged conduct did not violate clearly established law.

Finally, the magistrate judge correctly explained why Dvoinik's claims against the official-capacity Defendants fail. Official-capacity claims serve as claims against the State. *See Univ. of S. Fla. Bd. of Trs. v. CoMentis, Inc.*, 861 F.3d 1234, 1237 (11th Cir. 2017). The Eleventh Amendment precludes such claims. Regardless,

the State of Florida is not a "person" for § 1983 purposes. Finally, notwithstanding Dvoinik's contrary argument, the *Ex Parte Young* exception has no application here.

## CONCLUSION

Dvoinik's objections are all overruled. Any objections not specifically addressed above are summarily rejected.

I now adopt the magistrate judge's report and recommendation (ECF No. 65) in full, and I incorporate it into this order. The motions to dismiss (ECF Nos. 38, 40) are GRANTED. The latest motion for sanctions is DENIED. (ECF No. 68).

The clerk will enter a judgment that says, "This case was resolved on motions to dismiss. All official-capacity claims are dismissed without prejudice based on the Eleventh Amendment. All individual-capacity claims are dismissed on the merits for failure to state a claim."

The clerk will then close the file.

SO ORDERED on September 25, 2025.

s/ *Allen Winsor*<br>
Chief United States District Judge